[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for legal separation and other relief was tried on March 26, 2002. The plaintiff was represented by counsel. The defendant represented himself. The court has jurisdiction over the marriage and has considered all of the statutory criteria for the orders to be issued.
The parties were married on February 23, 1991 in Hartford. They have one minor child, Janet Torres, who was born to them on September 20, 1984, prior to their marriage. No other minor child has been born to the plaintiff wife since the date of the marriage. Janet, now age 17, is a CT Page 4210 junior in high school and is due to graduate in June 2003. She has cerebral palsy. Surgery has been successful in permitting her to walk without assistance. The plaintiff was a recipient of public assistance during the marriage but the full amount of that support had been repaid.
The plaintiff, age 44, has a serious, life threatening, medical condition which requires special equipment, only a small portion of which is not covered by insurance. She is not able to be employed.
The defendant, age 45, is in apparent good health. He is employed by United Parcel Service and is a member of the Teamsters Union. He earns approximately $45,000 per year. He has a pension though his union which will pay him $2,402 per month beginning at age 64. The total present actuarial value of the pension is $87,000. The defendant also has a 401k through his union with an account value of $21,651.97.
The parties own a home at 54 Goodwin Park Road, Wethersfield where the plaintiff lives with the minor child. The house has a value of $132,000 and is encumbered with a mortgage with a balance of $100,800. The parties agreed that the house should remain in joint names, but that the plaintiff will continue to have sole occupancy.
The court issues the following orders:
1. The parties are granted a legal separation.
2. The parties shall have joint legal custody of the minor child, Janet. Janet will reside with her mother and shall have free and open access to her father. The defendant shall contact his daughter directly and shall arrange mutually agreeable times to visit her. The plaintiff shall not discourage or impede this contact in any way.
3. The defendant shall pay the plaintiff child support in the amount of $175 per week. This figure represents presumptive support in the amount of $167 per week in accordance with the Guidelines, plus an upward deviation of $8 per week based upon extraordinary expenses caused by Janet's cerebral palsy. Child support shall be paid by immediate wage withholding and shall continue until the minor child attains the age of 18 years, but if still in high school support shall continue through high school graduation but not beyond the age of 19 years. The defendant shall also pay as additional support 76% of all unreimbursed medical, dental and optical expenses. This percentage shall be calculated only after the plaintiff has expended $100 per year per child of unreimbursed medical expenses. As additional child support, the defendant shall pay a reasonable sum toward his minor daughter's prom expenses. CT Page 4211
4. The defendant shall maintain medical insurance for the plaintiff and the minor child for so long as available through his employment.
5. The defendant shall pay to the plaintiff periodic alimony in the amount of $20 per month until the death of either party or the remarriage of the plaintiff.
6. The parties shall continue to maintain their interests in the marital home as joint tenants. However, the plaintiff shall have the right to sole occupancy of the home. The defendant shall have no obligation to pay the mortgage, taxes, insurance, or any other expense associated with the home.
7. Within 30 days the defendant shall transfer to the plaintiff the entire balance of his 401k. This shall be accomplished by Qualified Domestic Relations Order to be prepared by plaintiff's counsel. The court will retain jurisdiction until this transfer has been accomplished.
8. The defendant shall retain the full balance of his Teamsters pension, free and clear of the claims of the plaintiff.
9. The defendant shall retain his Mitsubishi automobile. The plaintiff shall retain the Jeep which is parked in the yard of the marital home.
10. Within 60 days the defendant, with proper notice to the plaintiff's attorney and with a police escort, shall be entitled to remove his clothes, bracelet, and red tool box and tools from the martial home.
11. The defendant shall be entitled to take the dependency exemption for the minor child provided that he is entitled to do so as a matter of federal law and provided that he is current on his child support payments on December 31 of the year for which the exemption is sought.
12. The parties shall each pay the debts on their respective financial affidavits.
John W. Pickard, J.